FILED

2011 FEB 16  PM 3: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

1  James M. Nelson (SBN 116442)
   Kurt A. Kappes (SBN 146384)
2  Thomas A. Woods (SBN 210050)
   Monica J. Bauman (SBN 269514)
3  GREENBERG TRAURIG, LLP
   1201 K Street, Suite 1100
4  Sacramento, CA  95814-3938
   Telephone:  (916) 442-1111
5  Facsimile:  (916) 448-1709
   NelsonJ@gtlaw.com; KappesK@gtlaw.com
6  WoodsTo@gtlaw.com; BaumanM@gtlaw.com

7  Attorneys for Defendant
   WERNER ENTERPRISES, INC. d/b/a
8  "C.L. WERNER, INC."

9
                UNITED STATES DISTRICT COURT
10
11     FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

            ED   CV   11 –  00294 VAP(OPx)
12
13  SIMONA MONTALVO, on behalf of herself    ) CASE NO.
    and all others similarly situated,       )
14                                           ) DECLARATION OF THOMAS A.
           Plaintiffs,                       ) WOODS IN SUPPORT OF REMOVAL
                                             ) BY DEFENDANT WERNER
15  v.                                       ) ENTERPRISES, INC. D/B/A C.L.
                                             ) WERNER, INC., PURSUANT TO 28
16  WERNER ENTERPRISES, INC. d/b/a "C.L.     ) U.S.C. §§ 1331, 1332(D), 1446(A), AND
    WERNER, INC.," a Nebraska corporation; and) 1453(B)
17  DOES 1 to 100, inclusive,                )
                                             ) Complaint Filed: January 18, 2011
18         Defendants.                        ) Trial: None Set
                                             )
19
20      I, Thomas A. Woods, declare:

21      1.      I am an attorney at law, duly admitted to practice before the courts of the State

22  of California and this and other Districts, and am Of Counsel with the firm of Greenberg

23  Traurig, LLP, attorneys of record herein for Defendant Werner Enterprises, Inc. d/b/a C.L.

24  Werner, Inc. ("Werner").

25      2.      I am familiar with the files, pleadings and proceedings in this action and, if

26  called upon as a witness, I could and would competently testify thereto.

27      3.      Attached to this Declaration at Exhibit 1 is a true and correct copy of the filed,

28  served Complaint in the Superior Court case relevant to this removal, styled: *Simona Montalvo,*

                                           1

*et al. v. Werner Enterprises, et al.*, Superior Court for the State of California, County of San Bernardino, Case No. CIVDS 110712, filed January 18, 2011.

4.     Plaintiff Montalvo alleges, *inter alia*, that from January 18, 2007 through January 18, 2011, Werner allegedly failed to pay Plaintiff Montalvo and "[it's] new hires who have their orientation in California" for all hours worked during three day employee orientation sessions they attended in California.  Ex. 1 at ¶¶ 1, 3-6(a)-(b), 8, 38.  More specifically, the Complaint alleges that Werner failed to pay these  employees the minimum wage to which they were entitled under California law for their attendance at orientation sessions, and/or failed to pay these employees by way of a fully negotiable instrument from a California bank, in violation of section 212 of the California Labor Code. Ex. 1 at ¶¶ 1, 4, 6 a-b, 26-27 a-c.

5.     For each of the employees allegedly at issue, including but not limited to new hires, Plaintiff Montalvo asserts that Werner is liable for amounts including, but not limited to: payment of wage deficiencies to each employee, a penalty equal to the employees' full minimum wage for a period of 30 days, and a penalty for inaccurate wage statements to the employees as a result of the fact that the wage actually paid was allegedly deficient given the number of hours worked (i.e., in attendance at three day employee orientation program sessions in Fontana, California).  Ex. 1 at ¶¶ 6 c, 27 d, 32 a, 35-39, 44-48, 50-55, 64; Cal. Lab. Code §203.  Plaintiff Montalvo further alleges (on behalf of herself and the class) entitlement to injunctive relief forcing Werner to come into compliance with industrial wage order and Labor Code provisions, as well as attorneys' fees associated with the litigation of this class action.  Still other remedies are sought in addition to these. Ex. 1 at ¶¶ 42, 56, 65-66, 75-77, Prayer for Relief.

6.     As demonstrated in Exhibit C to the Defendant's Request for Judicial Notice filed concurrently herewith, the California minimum wage for the year 2007 was $7.50 per hour, and increased to $8.00 per hour on January 1, 2008.  This Declaration presumes, for purposes of conservative estimation, that the minimum wage never increased to $8.00 per hour.  Therefore, it calculates only <u>one</u> component of alleged penalties (the Labor Code section 203 relief requested), <u>exclusive</u> of other penalty and wage deficiency calculations, at the <u>2007</u>

1    minimum wage rate of $7.50 per hour for "relevant employees," defined in this action by

2    Plaintiff Montalvo as "[Werner's] new hires who have their orientation in [Fontana] California"

3    (hereinafter "Relevant Employees"). Ex. 1 at ¶¶ 1, 3-6(a)-(b), 8, 38.

4         7.    As to only this <u>one</u> component of penalty recovery sought, the amount allegedly

5    owed to the Relevant Employees' calculated only from a rate of $7.50 per hour, amounts to no

6    less than $9,000,000.00. In the Declaration of Ms. Mary Kaye Howe in Support of Removal

7    filed concurrently herewith, Ms. Howe calculates based on her personal knowledge and

8    reference to business records, that there are more than 5,000 employees of Werner who meet

9    Plaintiff Montalvo's definition of employees relevant to this case, namely, "new hires who

10    have their orientation in California." Thus, according to the allegations in the Complaint, at

11    least 5,000 Relevant Employees were allegedly paid a reduction -- without any of those

12    reduced sums being paid within 30 days after the alleged deficiency -- from the minimum wage

13    they were allegedly owed under California law when they attended employee orientation

14    sessions described in the Complaint. Ex. 1 at ¶¶ 50-53. It is alleged that Werner's purported

15    violations entitle the putative class to the Labor Code section 203 penalty equal to their hourly

16    rate of pay per the minimum wage times 30 days. Ex. 1 at ¶¶ 1, 3-6(a)-(b), 50-55.

17         8.    One Relevant Employee's pay for an eight hour work day at a conservative rate

18    of $7.50 per hour equals $60.00. For that employee only, the 30 days'-pay penalty would

19    amount to no less than $1,800 (i.e., $7.50 times 8, equals 60; times 30, equals $1,800).

20    Therefore, for just 5,000 Relevant Employees allegedly paid <u>any</u> deficiency who are therefore

21    entitled to 30 days' pay as a penalty, the amount in controversy equals no less than

22    $9,000,000.00 (i.e., the total of $1,800 times 5,000).

23         9.    This amount of over $5 million in controversy does not include many other

24    components of recovery alleged by all Plaintiffs, including: inaccurate wage statement penalties

25    in an amount no less than $50 per inaccurate wage statement, deficiency amounts owed,

26    liquidated damages, interest payments, attorneys' fees, and costs and expenses associated with

27    the injunctive relief sought in order to increase the amount of money paid to all employees who

28    attend California orientation sessions.

DECLARATION OF THOMAS A. WOODS IN SUPPORT OF REMOVAL BY DEFENDANT WERNER
ENTERPRISES, INC. D/B/A C.L. WERNER, INC.

1       I declare under penalty of perjury that the foregoing is true and correct.  Executed this

2   16th day of February 2011 in the city of Sacramento, California.

3   

4   Thomas A. Woods

5   

6   

7   

8   

9   

10   

11   

12   

13   

14   

15   

16   

17   

18   

19   

20   

21   

22   

23   

24   

25   

26   

27   

28   

4

DECLARATION OF THOMAS A. WOODS IN SUPPORT OF  REMOVAL BY DEFENDANT WERNER
ENTERPRISES, INC. D/B/A C.L. WERNER, INC.

EXHIBIT 1

1  Kevin T. Barnes, Esq. (#138477)
   Gregg Lander, Esq. (#194018)
2  LAW OFFICES OF KEVIN T. BARNES
   5670 Wilshire Boulevard, Suite 1460
3  Los Angeles, CA 90036-5664
   Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  Email: Barnes@kbarnes.com

5  Joseph Antonelli, Esq. (#137039)
   Janelle Carney, Esq. (#201570)
6  LAW OFFICE OF JOSEPH ANTONELLI
   1000 Lakes Drive, Suite 450
7  West Covina, CA 91790-2918
   Tel.: (626) 917-6228 / Fax: (626) 917-7686
8  Email: JAntonelli@antonellilaw.com

9  Sahag Majarian II, Esq. (#146621)
   LAW OFFICES OF SAHAG MAJARIAN II
10 18250 Ventura Boulevard
   Tarzana, CA 91356-4229
11 Phone: (818) 609-0807 / Fax: (818) 609-0892
   Email: SahagII@aol.com
12
   Attorneys for Plaintiff SIMONA MONTALVO,
13 on behalf of herself and all others similarly situated

14            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15         **FOR THE COUNTY OF SAN BERNARDINO - UNLIMITED**

16 SIMONA MONTALVO, on behalf of herself     ) Case No.:
   and all others similarly situated,        )   **CIVDS  1 1 0 0 7 1 2**
17                                            )
              Plaintiffs,                     )   **CLASS ACTION**
18                                            )
        v.                                    )   **COMPLAINT FOR:**
19                                            )
   WERNER ENTERPRISES, INC. d/b/a "C.L.       ) 1. **FAILURE TO PAY ALL WAGES**
20 WERNER, INC.," a Nebraska corporation;     )    **DUE;**
   and DOES 1 to 100, inclusive,             ) 2. **VIOLATIONS OF LABOR CODE**
21                                            )    **§212 REGARDING PAYMENT BY**
              Defendants.                     )    **DEBIT CARD AND OUT OF**
22                                            )    **STATE CHECKS;**
                                              ) 3. **VIOLATIONS OF LABOR CODE**
23                                            )    **§203;**
                                              ) 4. **VIOLATION OF LABOR CODE**
24                                            )    **226:**
                                              ) 5. **UNFAIR BUSINESS PRACTICES;**
25                                            )    **AND**
                                              ) 6. **DECLARATORY RELIEF.**
26 _____  )
                                              )   **DEMAND FOR JURY TRIAL**
27 ///

28 ///

- 1 -

**MONTALVO v. WERNER ENTERPRISES, INC., et al. - COMPLAINT**

1    Plaintiff SIMONA MONTALVO, individually and on behalf of herself and all others

2    similarly situated (hereinafter collectively referred to as "Plaintiffs"), hereby file this Complaint

3    against Defendant WERNER ENTERPRISES, INC. d/b/a "C.L. WERNER, INC.," and DOES 1 to

4    100 (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and believe, and

5    on the basis of that information and belief, allege as follows:

6                                                I.

7                                      **INTRODUCTION**

8          1.      This is a civil action seeking recovery for Defendants' violations of California

9    Labor Code ("Labor Code") §§200, et seq., Labor Code §212, Labor Code §226, California

10   Business and Professions Code ("B&PC") §§17000, et seq. and §§17200, et seq., the applicable

11   Wage Orders issued by the California Industrial Welfare Commission (hereinafter, the "IWC

12   Wage Orders") and related common law principles.

13         2.      Plaintiffs' action seeks monetary damages, including full restitution from

14   Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

15         3.      The acts complained of herein occurred, occur and will occur, at least in part,

16   within the time period from four (4) years preceding the filing of the original Complaint herein,

17   up to and through the time of trial for this matter.

18   RELEVANT JOB TITLES

19         4.      The relevant employees in this action are Defendants' new hires who have their

20   orientation in California.

21         5.      Any differences in job activities between the different individuals in Defendant's

22   California-based, hourly-paid positions were and are legally insignificant to the issues presented

23   by this action.

24   SUMMARY OF CLAIMS

25         6.      With regard to Defendants' new hires who have their orientation in California,

26   Defendants have:

27              a.   Failed to pay for all hours worked, including minimum wage violations;

28   ///

LAW OFFICES OF
KEVIN T. BARNES
5/W WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL. (323) 549-9100
FAX (323) 549-0101
INFO@KBARNES.COM

**MONTALVO v. WERNER ENTERPRISES, INC., et al. - COMPLAINT**

b.  Failed to pay employees with a fully negotiable instrument from a California bank, in violation of <u>Labor Code</u> §212;

c.  Violated <u>Labor Code</u> §203;

d.  Violated <u>Labor Code</u> §226; and

e.  Conducted unfair business practices.

## II.

## PARTIES

<u>PLAINTIFF SIMONA MONTALVO</u>

7.   Plaintiff SIMONA MONTALVO is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of the State of California.

8.   Plaintiff SIMONA MONTALVO was hired to go to work for Defendants and went to the workplace orientation on June 25, 2010 through June 27, 2010 in Fontana, California at the La Quinta Hotel. Plaintiff SIMONA MONTALVO subsequently continued to work for Defendants from July 1, 2010 through September 30, 2010.

9.   Plaintiff SIMONA MONTALVO seeks recovery herein from Defendants because with regard to Plaintiff SIMONA MONTALVO, while working for Defendants as a new hire who had her orientation in California, Defendants have:

a.  Failed to pay for all hours worked, including minimum wage violations;

b.  Failed to pay employees with a fully negotiable instrument from a California bank, in violation of <u>Labor Code</u> §212;

c.  Violated <u>Labor Code</u> §203;

d.  Violated <u>Labor Code</u> §226; and

e.  Conducted unfair business practices.

<u>DEFENDANT, WERNER ENTERPRISES, INC. d/b/a "C.L. WERNER, INC.,"</u>

10.   Defendant WERNER ENTERPRISES, INC. d/b/a "C.L. WERNER, INC.," is now and/or at all times mentioned in this Complaint was a Nebraska corporation and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

LAW OFFICES OF
KOVEN T. BARNES
291 WILSHIRE BLVD.
SUITE 1400
LOS ANGELES, CA
90036-5014
TEL: (323) 549-9100
FAX: (323) 549-0101
KBARNES@LAWKB.COM

1  DOES 1 TO 100, INCLUSIVE

2       11.    DOES 1 to 100, inclusive are now, and/or at all times mentioned in this

3  Complaint were licensed to do business and/or actually doing business in the State of California.

4       12.    Plaintiffs do not know the true names or capacities, whether individual, partner or

5  corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such

6  fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

7       13.    Plaintiffs will seek leave of court to amend this Complaint to allege such names and

8  capacities as soon as they are ascertained.

9  ALL DEFENDANTS

10       14.    Defendants, and each of them, are now and/or at all times mentioned in this

11  Complaint were in some manner legally responsible for the events, happenings and circumstances

12  alleged in this Complaint.

13       15.    Defendants, and each of them, proximately subjected Plaintiffs to the unlawful

14  practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

15       16.    Defendants, and each of them, are now and/or at all times mentioned in this

16  Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-

17  versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times

18  mentioned in this Complaint were acting within the course and scope of that agency, servitude

19  and/or employment.

20       17.    Defendants, and each of them, are now and/or at all times mentioned in this

21  Complaint were members of and/or engaged in a joint venture, partnership and common

22  enterprise, and were acting within the course and scope of, and in pursuance of said joint

23  venture, partnership and common enterprise.

24       18.    Defendants, and each of them, at all times mentioned in this Complaint concurred

25  and contributed to the various acts and omissions of each and every one of the other Defendants

26  in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

27  ///

28  ///

Law Offices of
Gavin T. Branch
70 W. Laurel Blvd.
Suite 1460
Los Angeles, CA
90016-5614
TEL: (323) 549-9191
FAX: (323) 549-0101
www.branchlaw.com

- 4 -

**MONTALVO v. WERNER ENTERPRISES, INC., et al. - COMPLAINT**

19.     Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

20.     Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

### III.

### JURISDICTION AND VENUE

21.     The California Superior Court has jurisdiction in this matter due to Defendants' aforementioned violations of California statutory law and/or related common law principles.

22.     The California Superior Court also has jurisdiction in this matter because both the individual and aggregate monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof.

23.     The California Superior Court also has jurisdiction in this matter because during her employment with Defendants, SIMONA MONTALVO and the members of the Classes herein were all new hire who had their orientation in California and Defendant WERNER ENTERPRISES, INC. d/b/a "C.L. WERNER, INC.", does business in California.

24.     The California Superior Court also has jurisdiction in this matter because the individual claims of Plaintiff SIMONA MONTALVO and the members of the Classes herein, including each such Class Member's pro-rata share of attorneys' fees and all other requested relief, are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claims, including attorneys' fees and all other requested relief, are under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005. Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law.

25.     Venue is proper in San Bernardino County pursuant to CCP §395(a) and CCP §395.5 in that liability arose there because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts business, and/or has an agent therein.

**MONTALVO v. WERNER ENTERPRISES, INC., et al. - COMPLAINT**

IV.

**CLASS ACTION ALLEGATIONS**

26.    CCP §382 provides in pertinent part: "...[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." Plaintiffs bring this suit as a class action pursuant to CCP §382.

27.    The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

a.    All Defendants' employees who attended Defendants' California orientation during the appropriate time period and to whom Defendants failed to pay the legal minimum wage for all hours worked (hereinafter, the "Minimum Wage Class");

b.    All Defendants' employees who attended Defendants' California orientation during the appropriate time period and regarding whom Defendants violated Labor Code §212 by paying with debit cards (hereinafter, the "Debit Card Class");

c.    All Defendants' employees who attended Defendants' California orientation during the appropriate time period regarding whom Defendants violated Labor Code §212 by paying from an out of state bank (hereinafter, the "Out Of state Bank Class")

d.    All Defendants' employees who attended Defendants' California orientation during the appropriate time period regarding whom Defendant failed to comply with Labor Code §203 (hereinafter, the "LC 203 Class");

e.    All Defendants' employees who attended Defendants' California orientation during the appropriate time period regarding whom Defendant failed to comply with Labor Code §226 by providing proper wage statements (hereinafter, the "Wage Statement Class"); and

///

**MONTALVO v. WERNER ENTERPRISES, INC., et al. - COMPLAINT**

f.      All Defendants' employees who attended Defendants' California orientation during the appropriate time period regarding whom Defendant have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as described herein (hereinafter, the "17200 Class").

28.     The Minimum Wage Class, Debit Card Class, Out Of State Bank Class, LC 203 Class, Wage Statement Class and 17200 Class are herein collectively referred to as the "Classes."

29.     Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

30.     Numerosity (CCP §382):

a.      The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible and impractical.

b.      The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court.

c.      The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals.

d.      The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

31.     Superiority (CCP §382): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

a.      California has a public policy which encourages the use of the class action device;

b.      By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation

LAW OFFICES OF
VINCENT J. BARNES
9595 WILSHIRE BLVD.
SUITE 1400
BEVERLY HILLS, CA
90212-2406
T.: (323) 549-9500
F.: (323) 549-9991
www.barneslaw.com

1  and provides small claimants with a method of obtaining redress for claims which would

2  otherwise be too small to warrant individual litigation;

3        c.     This case involves large corporate Defendants and a large number of

4  individual Class members with many relatively small claims and common issues of law and fact;

5        d.     If each individual member of the Classes was required to file an individual

6  lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage

7  because Defendants would be able to exploit and overwhelm the limited resources of each

8  individual member of the Classes with Defendants' vastly superior financial and legal resources;

9        e.     Requiring each individual member of the Classes to pursue an individual

10  remedy would also discourage the assertion of lawful claims by the members of the Classes who

11  would be disinclined to pursue an action against Defendants because of an appreciable and

12  justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

13        f.     Proof of a common business practice or factual pattern, of which the

14  members of the Classes experienced, is representative of the Classes herein and will establish the

15  right of each of the members of the Classes to recover on the causes of action alleged herein;

16        g.     Absent class treatment, the prosecution of separate actions by the

17  individual members of the Classes, even if possible, would likely create:

18        i) a substantial risk of each individual plaintiff presenting in separate,

19  duplicative proceedings the same or essentially similar arguments and evidence, including expert

20  testimony;

21        ii) a multiplicity of trials conducted at enormous expense to both the judicial

22  system and the litigants;

23        iii) inconsistent or varying verdicts or adjudications with respect to the

24  individual members of the Classes against Defendants; and

25        iv)   potentially incompatible standards of conduct for Defendants;

26        v) potentially incompatible legal determinations with respect to individual

27  members of the Classes which would, as a practical matter, be dispositive of the interest of the

28

1  other members of the Classes who are not parties to the adjudications or which would

2  substantially impair or impede the ability of the members of the Classes to protect their interests.

3          h.     The claims of the individual members of the Classes are not sufficiently

4  large to warrant vigorous individual prosecution considering all of the concomitant costs and

5  expenses attendant thereto;

6          i.     Courts seeking to preserve efficiency and other benefits of class actions

7  routinely fashion methods to manage any individual questions; and

8          j.     The Supreme Court of California urges trial courts, which have an

9  obligation to consider the use of innovative procedural tools to certify a manageable class, to be

10  procedurally innovative in managing class actions.

11      32.    <u>Well-defined Community of Interest</u>: Plaintiffs also meet the established

12  standards for class certification (see, e.g. <u>Lockheed Martin Corp. v. Superior Court</u> (2003) 29

13  Cal.4th 1096), as follows:

14          a.     <u>Typicality</u>: The claims of Plaintiff SIMONA MONTALVO are typical of

15  the claims of all members of the Classes she respectively seeks to represent, because all members

16  of the Classes sustained injuries and damages arising out of Defendants' common course of

17  conduct in violation of law and the injuries and damages of all members of the Classes were

18  caused by Defendants' wrongful conduct in violation of law, as alleged herein.

19          b.     <u>Adequacy</u>: Plaintiff SIMONA MONTALVO:

20              i)     is an adequate representatives of the Classes she seeks to represent;

21              ii)     will fairly protect the interests of the members of the Classes;

22              iii)     have no interests antagonistic to the members of the Classes; and

23              iv)     will vigorously pursue this suit via attorneys who are competent,

24                    skilled and experienced in litigating matters of this type.

25          c.     <u>Predominant Common Questions of Law or Fact</u>: There are common

26  questions of law and/or fact as to the members of the Classes which predominate over questions

27  affecting only individual members of the Classes, including, without limitation:

28

LAW OFFICES OF
GENE T. BARNES
90 WILSHIRE BLVD.
SUITE 1400
LOS ANGELES, CA.
90210-5614
T.: (323) 549-9100
O.: (323) 549-9101
GENE T. BARNES.COM

**MONTALVO v. WERNER ENTERPRISES, INC., et al. - COMPLAINT**

i)      Whether Defendants failed to pay all minimum wages due for all hours worked to the members of the Minimum Wage Class;

ii)     Whether Defendants are liable pursuant to Labor Code §212 regarding the members of the Debit Card Class;

iii)    Whether Defendants are liable pursuant to Labor Code §212 regarding the members of the Out Of State Bank Class;

iv)     Whether Defendants are liable pursuant to Labor Code §203;

v)      Whether Defendants are liable pursuant to Labor Code §226;

vi)     Whether Defendants' conduct constitutes unfair competition within the meaning of B&PC §17200, et seq.;

vii)    Whether Defendants' conduct constitutes unfair business practices within the meaning of B&PC §17200, et seq.;

viii)   Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

ix)     Whether the members of the Classes are entitled to injunctive relief;

x)      Whether the members of the Classes are entitled to restitution; and

xi)     Whether Defendants are liable for attorneys' fees and costs.

33.    Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232, 238).

///
///
///
///
///
///
///

MONTALVO v. WERNER ENTERPRISES, INC., et al. - COMPLAINT

LAW OFFICES OF
KEVIN T. BARNES
1701 WILSHIRE BLVD
SUITE 1460
LOS ANGELES, CA
90046-5614
TEL: (323) 549-9100
FAX: (323) 549-0101
EMAIL@KBARNES.COM

## V.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

### (On Behalf of the Minimum Wage Class)

### (Against All Defendants)

34.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

35.     California Code of Regulations Title 8, §11000(2) and the IWC Wage Orders §4(A) state: "Every employer shall pay to each employee ... wages not less than eight dollars ($8.00) per hour for all hours worked, effective January 1, 2008...".

36.     Labor Code §§1194(a) states in pertinent part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage..., including interest thereon, reasonable attorney's fees, and costs of suit."

37.     Further, pursuant to Labor Code §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

38.     Defendants required the members of the Minimum Wage Class to remain under Defendants' control without paying therefore, which resulted in the members of the Minimum Wage Class earning less than the legal minimum wage in the State of California. Specifically, Plaintiff and the members of the Minimum Wage Class were required by Defendants to attend a three day orientation in Fontana, California where they were paid a flat rate for the orientation which, when calculated against the number of hours spent attending said orientation, resulted in a wage that was below California's minimum wage requirements.

39.     Defendants' pattern and practice in uniform administration of corporate policy regarding Defendants' failure to pay the legal minimum wage to the members of the Minimum Wage Class as described herein is unlawful and creates entitlement, pursuant to Labor Code

- 11 -

**MONTALVO v. WERNER ENTERPRISES, INC., et al. - COMPLAINT**

§1194(a), to recovery by the members of the Minimum Wage Class, in a civil action, for the unpaid balance of the full amount of the unpaid minimum wages owed, calculated as the difference between the straight time compensation paid and the applicable minimum wage, including interest thereon.

40.     Pursuant to Labor Code §1194.2(a) (which provides that in any action under Labor Code §1194, an employee shall be entitled to recover liquidated damages), the members of the Minimum Wage Class seek recovery of liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

41.     Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the members of the Minimum Wage Class seek recovery of pre-judgment interest on all amounts recovered herein.

42.     Pursuant to Labor Code §218.5 and/or Labor Code §1194(a), the members of the Minimum Wage Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF LABOR CODE §212

### (On Behalf of the LC 212 Class)

43.     **(Against All Defendants)**Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this First Amended Complaint as if fully set forth herein.

44.     Labor Code §212 states in pertinent part:

(a) No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:

(1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be

LAW OFFICES OF
KEVIN T. BARNES
1974 WILSHIRE BLVD.
SUITE 1660
LOS ANGELES, CA
90046-5614
T.: (323) 549-9100
F.: (323) 549-0101
www.kbarnes.com

- 12 -

MONTALVO v. WERNER ENTERPRISES, INC., et al. - COMPLAINT

1  at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or

2  understanding with the drawee for its payment;

3          (2) Any scrip, coupon, cards, or other thing redeemable, in merchandise or

4  purporting to be payable or redeemable otherwise than in money.

5          (b) Where an instrument mentioned in subdivision (a) is protested or dishonored,

6  the notice or memorandum of protest or dishonor is admissible as proof of presentation,

7  nonpayment and protest and is presumptive evidence of knowledge of insufficiency of funds or

8  credit with the drawee.

9      45.    Defendants had a consistent and uniform policy, practice and procedure of

10  willfully failing to comply with Labor Code §212, in that Defendants paid wages to the members

11  of the LC 212 Class via an illegal debit card.

12      46.    These debit cards are not negotiable in cash on demand without discount, incur a

13  fee for each use of the debit card after the first use, and includes a maximum daily withdrawal

14  limit in violation of Labor Code §212.

15      47.    Likewise, Defendants had a consistent and uniform policy, practice and procedure

16  of providing checks for the employees to write using their debit account from an out of state

17  bank. These checks, paid as wages to the members of the Out of State Bank Class violates Labor

18  Code §212, because said checks were issued from non-California banks, in violation of Labor

19  Code §212(a)(1), which requires that wages must be "negotiable and payable in cash, on

20  demand, without discount, at some established place of business in the state...") (emphasis

21  added).

22      48.    Defendants' violation of Labor Code §212 was willful, thus entitling the members

23  of the Out of State Checks Class to damages, according to proof.

24  ///

25  ///

26  ///

27  ///

28  ///

**MONTALVO v. WERNER ENTERPRISES, INC., et al. - COMPLAINT**

# THIRD CAUSE OF ACTION

## VIOLATIONS OF <u>LABOR CODE</u> §203

### (On Behalf of the LC 203 Class)

### (Against All Defendants)

49.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

50.     <u>Labor Code</u> §203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with <u>Labor Code</u> §§201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

51.     The members of the LC 203 Class are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

52.     Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, according to amendment or proof.

53.     Defendants willfully failed to pay the members of the LC 203 Class their entire wages due and owing, including all minimum wages due for all hours worked, at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for up to thirty (30) days thereafter.

54.     Defendants' willful failure to pay wages to the members of the LC 203 Class violates <u>Labor Code</u> §203 because Defendants knew or should have known wages were due to the members of the LC 203 Class, but Defendants failed to pay them.

55.     Thus, the members of the LC 203 Class are entitled to recovery pursuant to <u>Labor Code</u> §203.

56.     Pursuant to <u>CC</u> §3287, the members of the LC 203 Class seek recovery of pre-judgment interest on all amounts recovered herein.

## FOURTH CAUSE OF ACTION

### FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

### (On Behalf of the Wage Statement Class)

### (Against All Defendants)

57.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

58.     Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee... (4) all deductions... (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid... (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee....".

59.     Further, the IWC Wage Orders §7(A) states in pertinent part: "(A) Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded...(5) Total hours worked in the payroll period and applicable rates of pay....".

60.     Therefore, pursuant to Labor Code §226(a) and the IWC Wage Orders §7(A), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

61.     As a pattern and practice, in violation of Labor Code §226(a) and the IWC Wage Orders §7(A), Defendants knowingly and intentionally did not and still do not furnish each of the

1   members of the Wage Statement Class with an accurate itemized statement in writing showing

2   (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages

3   earned and/or (5) all applicable hourly rates in effect during each respective pay period and the

4   corresponding number of hours worked at each hourly rate by each respective individual.

5        62.     As a pattern and practice, in violation of Labor Code §226(a) and the IWC Wage

6   Orders §7(A), Defendants knowingly and intentionally did not and do not maintain accurate

7   records pertaining to the total hours worked for Defendants by the members of the Wage

8   Statement Class, including but not limited to, beginning and ending of each work period, meal

9   period and split shift interval, the total daily hours worked, and the total hours worked per pay

10  period and applicable rates of pay.

11       63.     Plaintiffs and the members of the Wage Statement Class have suffered injury as

12  a result of Defendants' knowing and intentional failure to maintain accurate records for the

13  members of the Wage Statement Class in that the members of the Wage Statement Class were

14  not timely provided written accurate itemized statements showing all requisite information,

15  including but not limited to total hours worked by the employee, net wages earned and all

16  applicable hourly rates in effect during the pay period and the corresponding number of hours

17  worked at each hourly rate, in violation of Labor Code §226 and the IWC Wage Orders §7(A),

18  such that the members of the Wage Statement Class were misled by Defendants as to the correct

19  information regarding various items, including but not limited to total hours worked by the

20  employee, net wages earned and all applicable hourly rates in effect during the pay period and

21  the corresponding number of hours worked at each hourly rate.

22       64.     Pursuant to Labor Code §226(e), the members of the Wage Statement Class

23  suffered injury as a result of Defendants' knowing and intentional failure to comply with Labor

24  Code §226(a) and are therefore entitled to fifty dollars ($50.00) per employee for the initial pay

25  period in which a violation hereunder occurs and one hundred dollars ($100.00) per employee

26  for each violation in a subsequent pay period, not exceeding an aggregate penalty of four

27  thousand dollars ($4,000.00).

28  ///

- 16 -

**MONTALVO v. WERNER ENTERPRISES, INC., et al. - COMPLAINT**

65.     Pursuant to Labor Code §226(g), the currently-employed members of the Wage Statement Class are also entitled to injunctive relief to ensure Defendants' compliance with Labor Code §226.

66.     Pursuant to Labor Code §226(e) and/or §226(g), the members of the Wage Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

### FIFTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

### (On Behalf of Plaintiffs and All Others Similarly Situated)

### (Against All Defendants)

67.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

68.     B&PC §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

69.     B&PC §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

70.     B&PC §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

71.     Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving Plaintiffs and all others similarly situated of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

72.     Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs,

**MONTALVO v. WERNER ENTERPRISES, INC., et al. - COMPLAINT**

1    specifically, by requiring employees to perform the labor services complained of herein without

2    the requisite compensation.

3        73.    Defendants' use of such practices constitutes an unfair business practice, unfair

4    competition and provides an unfair advantage over Defendants' competitors.

5        74.    Plaintiffs have suffered injury in fact and have lost money or property as a result

6    of such unfair competition.

7        75.    Plaintiffs seek full restitution from Defendants, as necessary and according to

8    proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means

9    of the unfair practices complained of herein.

10       76.    Further, if Defendants are not enjoined from the conduct set forth above,

11   Defendants will continue to practice, employ and utilize the employment practices outlined in the

12   preceding paragraphs.

13       77.    Therefore, Plaintiffs request that the Court issue a preliminary and permanent

14   injunction prohibiting Defendants from engaging in the foregoing conduct.

15       78.    Plaintiffs, on behalf of themselves and all others similarly situated, seek the

16   appointment of a receiver, as necessary, to establish the total monetary relief sought from

17   Defendants.

18                            **SIXTH CAUSE OF ACTION**

19                  **DECLARATORY RELIEF [CCP §1060]**

20         **(On Behalf of Plaintiffs and All Others Similarly Situated)**

21                   **(Against All Defendants)**

22       79.    Plaintiffs incorporate by reference and reallege each and every one of the

23   allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

24   forth herein.

25       80.    CCP §1060 provides that any person who desires a declaration of his or her rights

26   or duties with respect to another, in cases of actual controversy relating to the legal rights and

27   duties of the respective parties, may ask the Court for a declaration of rights or duties, and the

28   Court may make a binding declaration of these rights or duties, whether or not further relief is or

LAW OFFICES OF
LONNY T. BARNES
70 W INDSOR BLVD
SUITE 1400
LOS ANGELES, CA
90004-5614
T. (323) 549-9200
F. (323) 549-0101
WWW.LTBARNES.COM

1   could be claimed at the time; any such declaration by the Court shall have the force of a final

2   judgment.

3       81.     Defendants continue to this day to engage in some or all of the unlawful and

4   unfair conduct as described herein.

5       82.     An actual controversy exists in that Defendants assert they have the legal right to

6   perform the acts as described herein.

7       83.     Plaintiffs desire a declaration as to the rights of Plaintiffs and all others similarly

8   situated with respect to Defendants' unlawful and unfair conduct, as described herein.

9       84.     It is therefore necessary that the Court declare the rights and duties of the parties

10  hereto.

## VI.

## **PRAYER FOR RELIEF**

13  WHEREFORE, Plaintiffs pray:

14      a.      That the Court issue an Order certifying the Classes herein, appointing all named

15  Plaintiffs as representative of all others similarly situated, and appointing all law firms

16  representing all named Plaintiffs as counsel for the members of the Classes;

17  As to the First Cause of Action for Failure to Pay Minimum Wages:

18      a.      For recovery of the unpaid balance of the full amount of the minimum wages due

19  and owing, according to proof;

20      b.      For liquidated damages on the straight-time portion of uncompensated hours of

21  work (not including the overtime portion thereof), as authorized by Labor Code §1194.2(a);

22      c.      For pre-judgment interest as allowed by Labor Code §218.6, Labor Code

23  §1194(a) and CC §3287;

24      d.      For an award of reasonable attorneys' fees and costs pursuant to Labor Code

25  §218.5 and/or Labor Code §1194(a);

26  As to the Second Cause of Action for Violation of Labor Code §212:

27      e.      For damages pursuant to Labor Code §212;

28  ///

LAW OFFICES OF
KEVIN T. BARNES
30 WILSHIRE BLVD.
SUITE 1400
LOS ANGELES, CA
90090-5604
T.: (323) 648-9700
W: (323) 549-0101
NEWPER.BARNES.COM

- 19 -

**MONTALVO v. WERNER ENTERPRISES, INC., et al. - COMPLAINT**

1   As to the Third Cause of Action for Violations of Labor Code §203:

2         f.      For recovery as authorized by Labor Code §203;

3         g.      For pre-judgment interest as allowed by CC §3287;

4   As to the Fourth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage

5   Statements:

6         h.      For recovery as authorized by Labor Code §226(e);

7         i.      For injunctive relief to ensure Defendants' compliance with Labor Code §226 and

8   the IWC Wage Orders §7(A) pursuant to Labor Code §226(g);

9         j.      For an award of costs and reasonable attorneys' fees pursuant to Labor Code

10  §226(e) and/or §226(g);

11  As to the Fifth Cause of Action for Unfair Business Practices:

12        k.      For an accounting, under administration of Plaintiffs and/or the receiver and

13  subject to Court review, to determine the amount to be returned by Defendants, and the amounts

14  to be refunded to members of the Classes who are owed monies by Defendants;

15        l.      For an Order requiring Defendants to identify each of the members of the Classes

16  by name, home address, and home telephone number;

17        m.      For an Order requiring Defendants to make full restitution and payment pursuant

18  to California law;

19        n.      For an Order for a preliminary and/or permanent injunction prohibiting

20  Defendants from engaging in the acts complained of herein;

21        o.      For the creation of an administrative process wherein each injured member of the

22  Classes may submit a claim in order to receive his/her money;

23        p.      For all other appropriate injunctive, declaratory and equitable relief;

24        q.      For interest to the extent permitted by law;

25        r.      For an award of attorneys' fees and costs incurred in the investigation, filing and

26  prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code §1194

27  and/or any other applicable provision of law;

28  ///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
T: (323) 549-9100
F: (323) 549-0101
www.kevinbarnes.com

- 20 -

1 As to the Sixth Cause of Action for Declaratory Relief:

2     s.     A Declaration from the Court determining the rights of Plaintiffs and all others

3 similarly situated regarding Defendants' unlawful and unfair conduct as described herein;

4     t.     Such further Declaration of rights as the Court may deem proper; and

5     u.     Payment of costs and attorneys' fees from the amount recovered for the common

6 benefit of Plaintiffs and all others similarly situated.

7 As to All Causes of Action:

8     v.     For such relief as this Court may deem just and proper, including reasonable

9 attorneys' fees and costs incurred, within the jurisdictional amount pled herein (unless and until

10 it is determined from actual and competent evidence that the aggregate claims exceed the

11 jurisdictional amount). At this juncture, Plaintiffs are informed and believe that all damages,

12 including but not limited to restitution, penalties, interest and attorneys' fees do not exceed an

13 aggregate of $4,999,999.99 and that the value of Plaintiffs' individual claims do not exceed

14 $74,999.99.

## VII.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: January 14, 2011

                LAW OFFICES OF KEVIN T. BARNES

                By: _____

                    Kevin T. Barnes, Esq.
                    Gregg Lander, Esq.
                    Attorneys for Plaintiffs

LAW OFFICES OF
KEVIN T. BARNES
5760 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101
INFO@KBARNES.COM

**MONTALVO v. WERNER ENTERPRISES, INC., et al. - COMPLAINT**